(34 Misc. Rep. 170.)

RACE v. MOORE.

(Supreme Court, Appellate Term.   February 25, 1901.)

BROKERS—CONVERSION—EVIDENCE—SUFFICIENCY.
    Plaintiff delivered a sum of money to defendant to be invested in stock by another party for plaintiff's benefit.   Plaintiff was to bear all loss, but he gave no instructions as to what stock his money should be invested in.   Defendant delivered the money to the other party for investment, and part of it was lost through a depreciation of the stocks in which it was invested, but no part thereof was in defendant's hands when plaintiff's action for conversion was brought.   Held insufficient to support a judgment for plaintiff.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Sidney S. Race against James F. Moore.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Charles De Hart Brower, for appellant.
A. Thornton, for respondent.

ANDREWS, P. J.   This is an appeal by the defendant from a judgment for $135.09 rendered against him by the municipal court, Third district.   The complaint alleges that the plaintiff gave $250 to the defendant, to be invested in stocks, and that the defendant never so invested the money, but converted it to his own use.   The answer denies every allegation of the complaint except that as to the delivery of the $250, and sets up as an affirmative defense that the money was duly invested, and was lost by the depreciation of the stock in which it was so invested.   It appeared by the evidence that on September 21, 1899, the plaintiff did deliver to the defendant said sum of $250 under an agreement whereby the defendant was to invest this sum in stocks for plaintiff's benefit.   At the time of such delivery of the money the defendant gave the plaintiff a receipt, which read as follows:

"New York, September 21st, 1899.

"Rec'd from Sidney Race the sum of two hundred and fifty dollars, the same for investment.   Sidney Race to have all profits of same, and to sustain all losses.                                        James F. Moore."

The plaintiff testified that "he [defendant] was to give it to Mr. Irving to invest for me."   Afterwards plaintiff called on Irving, and demanded the return of the money, and Irving denied that he had received any money from the defendant to invest for the plaintiff. The defendant testified that he gave the money to Irving for investment, but did not disclose the fact that it was the plaintiff's money, because he knew that, if he did, Irving would not take it.   The testimony for the defendant was that Irving invested the money, with other money of his own, on margin, in 200 shares of Southern Pacific stock, at $38\frac{1}{2}$; that the stock afterwards depreciated, and Irving called on Moore for more margin.   Moore failed to respond, and Irving put up further margin; but afterwards the whole of the 200 shares of stock was sold at a loss of $500.   The evidence showed that plaintiff gave no instructions as to the particular stock in which the money was to be invested, although it would appear that he expected that it would be invested in Delaware, Lackawanna & Western.

I do not see how this judgment can be sustained.   There is no dispute but that the money was delivered by the plaintiff to the defendant to be invested in stocks, nor that the plaintiff gave no instructions as to what stocks the money should be invested in, nor that he was to bear all losses; and there is practically no contradiction of the evidence given for the defendant that the money was all given to Irving for investment, and was so invested; that part of it, at any rate, was lost through a depreciation of the stocks in which the investment was made, and that no part of the $250 was in the hands of this defendant when the action was brought.   The plaintiff's counsel claims that the action was brought to recover damages for a breach of contract, but, if that were the case, the judgment could not be sustained, for no breach of contract by the defendant was proved.   Besides, the judgment must be based upon the theory of a conversion by the defendant of part of the money, for the justice has indorsed upon the summons the following:   "This

action is one in which the defendant, James F. Moore, is subject to arrest and imprisonment on execution." So far as I can discover, there is no evidence which sustains the allegation of the complaint that the defendant converted the money to his own use, and the judg-ment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

